David A. Fegan, of Washington, D. C. (Morris, Kix-Miller & Baar, of Washington, D. C., on the brief), for plaintiff.

James J. Sweeney, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

## J. C. RIDNOUR CO. v. UNITED STATES.
### No. 44741.

Court of Claims.
June 4, 1945.

648

Before WHALEY, C. J., and MADDEN, LITTLETON, JONES, and WHITAKER, JJ.

WHITAKER, Judge.

Plaintiff sues for liquidated damages deducted for delays in furnishing blue denim working jumpers. Plaintiff says they were unlawfully deducted because the delays were caused, first, by a delay in the delivery to it of the material out of which the jumpers were to be made, and that this was caused by an ice storm, which it says was one of the "unforeseeable" causes of delay for which the contractor was not to be charged with liquidated damages; and, second, by orders of the defendant's inspector on the job, changing the specifications, which caused the jumpers to be rejected.

 With reference to the first cause of the delay plaintiff says the truck which was delivering to it the material for the manufacture of the jumpers was wrecked, due to ice on the road. The Commissioner has found that "such ice and temperature, * * * although not continuous, were not infrequent in the area at that time of the year." No exception is taken to this finding. However, although the plaintiff might have foreseen that there might be ice on the roads at that time of the year, do we not think that plaintiff could have foreseen that its truck would stall on the ice and that another truck would skid into it. We are of the opinion that plaintiff should not have been charged with liquidated damages for this five days' delay.

 With reference to the second cause of the delay, the Commissioner has found:

"There is no satisfactory evidence to support plaintiff's contention that the defendant's inspector at plaintiff's plant, Mr. William Nonnast, ordered changes in plaintiff's process of manufacture, i.e., in the method of marking the location of pockets, the construction of the front center openings, the method of making the collars, and the delivery of jumpers with skipped stitches in the passover seams under the arms, and that in obedience to such orders plaintiff changed its process of manufacture with the result that plaintiff was delayed in the manufacture of the jumpers and that when plaintiff did deliver them they were rejected because of said changes in process and skipped seams, thus causing most of the first item and all of the second, third, and fourth items of plaintiff's claim set out in finding 10. Moreover, the reports which Mr. Nonnast made to defendant from time to time while he was the defendant's inspector at plaintiff's plant were also signed by plaintiff and contained a note that:

" 'Inspector has no authority to issue orders.

" 'His statements must be considered as advice only.' "

We have carefully examined plaintiff's exceptions to this finding, and we find that they are not supported by the evidence.

Plaintiff also claims damages for the delays it says were caused by the inspector's orders changing the specifications. Plaintiff is not entitled to recover these damages for the reason set out above.

Plaintiff is entitled to recover the amount of liquidated damages deducted which were attributable to the five days it was delayed by the wreckage of its truck. This amounts to $197.58. Judgment for this amount will be rendered. It is so ordered.

WHALEY, C. J., and MADDEN and LITTLETON, JJ., concur.

JONES, J., took no part in the decision of this case.